**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Internet Forest Corporation d/b/a New Generation,<br><br>*Plaintiff*,<br><br>v.<br><br>Keru AI Inc., Vinoo Ganesh, and John McRaven,<br><br>*Defendants*. | Civil Action No. 1:26-cv-05948-JAV |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT JOHN MCRAVEN'S MOTION TO DISMISS**

Defendant John McRaven ("Mr. McRaven") respectfully submits this Memorandum of Law in support of his motion to dismiss the claims asserted against him in the First Amended Complaint (the "FAC") (ECF No. 26) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

## I. ARGUMENT

### A. The FAC Fails To State A Claim Under Rule 12(b)(6).

As against Mr. McRaven, the FAC is facially defective for all the same reasons set forth in Co-Defendants Keru and Mr. Ganesh's Memorandum of Law in Support of their Motion to Dismiss (ECF No. 30, §§ I–V), in which arguments Mr. McRaven joins in full. As argued in his Co-Defendants' Motion, all three Counts of the FAC fail because the FAC does not plead facts plausibly establishing that Plaintiff had acquired secondary meaning in KEPLER, a mark not alleged in the FAC to be inherently distinctive (and that, as a common personal name, is not), either before or where any of the Defendants adopted it. (ECF No. 30, §§ IV.A–B.) The New

York common law claims fail because the FAC does not plausibly plead facts showing Mr. McRaven adopted the KEPLER mark in bad faith. (ECF No. 30, §§ IV.A–B.) And, as to Mr. McRaven—as with Mr. Ganesh—the FAC's only factual allegation about his personal connection is the "information and belief" assertion that both "negotiated the purchase of the getkepler.ai domain" (FAC ¶ 61), which is not a use in commerce of any mark. Otherwise, the FAC merely impermissibly lumps Mr. McRaven together with the other two "Defendants" in violation of Rule 8(a). (ECF No. 30, § IV.C.) Because the FAC fails to state plausible claims against him, and because Plaintiff has already tried and failed to cure these very defects, the FAC as against Mr. McRaven should be dismissed with prejudice.

**B. Alternatively, The FAC Should Be Dismissed For Lack of Personal Jurisdiction and Insufficient Service of Process Under Rules 12(b)(2) and 12(b)(5).**

Even if the FAC could survive a Rule 12(b)(6) challenge, it should still be dismissed without prejudice under Rules 12(b)(2) and 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Therefore, to survive a motion to dismiss based on lack of personal jurisdiction and insufficient service of process, the plaintiff must demonstrate that [it] adequately served the defendants." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023) (internal citations and quotation marks omitted); *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022) ("insufficient service can subject a complaint to dismissal under both rules"). On such a motion, "the plaintiff bears the burden of establishing that service was sufficient." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).

**1. The Summons Was Not Timely Served**

Plaintiff filed its original Complaint on July 14, 2026. (ECF No. 1.) Ninety days later (October 12) was Columbus Day, a Court holiday, so the 90-day service period expired on

October 13, 2026. Fed. R. Civ. P. 4(m), 6(a)(1)(C), 6(a)(6)(A). But Plaintiff did not serve Mr. McRaven until October 22, 2026. (ECF No. 34.) Because it was untimely under Rule 4(m), the service of process was insufficient, and because service was not properly or timely effectuated, the Court lacks jurisdiction over Mr. McRaven. *See, e.g.*, *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 564 (S.D.N.Y. 1985) (service after expiration of Rule 4 deadline of a superseded complaint quashed, and case dismissed for lack of jurisdiction).

**2. The Operative Pleading Was Not Served**

Not only was service of process insufficient because the summons was served too late, but the original Complaint Plaintiff served belatedly on Mr. McRaven was long-since superseded by the FAC at the time of service. (*See* ECF No. 26; ECF No. 34.) "It is well-settled that service of a superseded complaint does not satisfy Rule 4(m), even if the two pleadings are similar." *LiveVideo.AI Corp. v. Redstone*, No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706, at *12-13 & n.25 (S.D.N.Y. Aug. 12, 2025), *r&r adopted*, 2025 WL 2778110 (S.D.N.Y. Sept. 30, 2025), *appeal dismissed* (Apr. 13, 2026) (dismissing action under Rule 12(b)(5) where plaintiff failed to serve the operative complaint within the period set by Rule 4(m)) (collecting cases); *Lau v. Fauci*, No. 22-cv-436 (BKS/DJS), 2023 WL 3181887, at *2 (N.D.N.Y. May 1, 2023) ("service is not properly effected where a plaintiff serves the original complaint after filing an amended complaint") (collecting cases); *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 564 (S.D.N.Y. 1985) (same; quashing service of superseded complaint and dismissing action); *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430-31 (S.D.N.Y. 2018).

**3. No Extension Should Be Given to Serve Mr. McRaven.**

Because Mr. McRaven—who is a former employee of Keru's (Simler Decl. ¶ 5)—was not timely served, the Court "must dismiss the action without prejudice" unless Plaintiff shows good cause for an extension. Fed. R. Civ. P. 4(m). Plaintiff cannot do that, because "[g]ood cause

is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Turijan v. U.S. Dep't of Justice*, No. 26-CV-2375 (VSB), 2026 WL 2113996, at *1 (S.D.N.Y. July 22, 2026) (quoting *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)). A district court has discretion to grant an extension without good cause, but unless plaintiff advances a colorable excuse for neglecting Rule 4(m)'s time limits and for failing to seek an extension, a district court properly declines such an extension. *See Zapata v. City of New York*, 502 F.3d 192, 196–98 (2d Cir. 2007).

Here, there is neither good cause nor any colorable excuse for Plaintiff's neglect. Plaintiff never asked the Court for an extension under either Rule 4(m) or Rule 6(b)(1). It made no apparent effort to serve Mr. McRaven until it did so belatedly and without even seeking the Court's permission. Plaintiff's lack of diligence and failure to seek additional time are particularly inexplicable here. Mr. McRaven's co-Defendants repeatedly put Plaintiff on notice of the service issue. (*See, e.g.*, ECF No. 17 at (motion to dismiss filed without Mr. McRaven); ECF No. 30 at 7 n.2; Simler Decl. Ex. 1 at 4 (stating that Plaintiff failed to serve Mr. McRaven within the time provided by Rule 4(m)); Ex. 2 *passim*.). "Where a plaintiff made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay, the Second Circuit has found no abuse of discretion in dismissal—even where the statute of limitations would bar a refiled action." *Benites v. New York Dept. of Corrections & Community Supervision*, No. 21-CV-06863 (CM), 2023 WL 1966181, at *3 (S.D.N.Y. Feb. 13, 2023) (citing *Zapata*, 502 F.3d at 199). Moreover, when Plaintiff finally tried to, it easily (but defectively) served Mr. McRaven at home, at his publicly listed address. (*See* ECF No. 34; Simler Decl. Ex. 3.) Good cause and

excusable neglect require something more than a total lack of diligence. *See Turijan*, 2026 WL 2113996, at *1; *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003) ("Good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control. An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause.").

And the lack of diligence is further compounded here where, after Mr. McRaven's counsel advised Plaintiff's counsel of the late service of a superseded pleading (*see* Simler Decl. Ex. 2 at 4), Plaintiff still made no effort to ask the Court for an extension, and still failed to serve the operative FAC. Instead, Plaintiff e-mailed Mr. McRaven's counsel (as explicitly was agreed for Rule 5 service purposes only) a copy of the documents it had defectively filed at ECF No. 27. (*See* Simler Decl. ¶ 3 & Ex. 2 at 1–2; clerk's Sept. 25, 2026 docket entry). In short, Plaintiff still has never served Mr. McRaven.

## II. CONCLUSION

For the foregoing reasons, Defendant John McRaven respectfully requests that the Court grant his Motion and dismiss all claims against him with prejudice under Rule 12(b)(6), or, in the alternative, without prejudice under Rules 12(b)(2) and 12(b)(5).

Dated: November 12, 2026

Respectfully Submitted,

/s/ Benjamin N. Simler

Marjorie J. Peerce
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (646) 346-8039
Email: peercem@ballardspahr.com

Lynn E. Rzonca (admitted *pro hac vice*)
Benjamin N. Simler (admitted *pro hac vice*)
Doyle S. Tuvesson (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market St., 51st Floor

Philadelphia, PA 19103
Telephone: (215) 665-8500
Email: rzoncal@ballardspahr.com
simlerb@ballardspahr.com
tuvessond@ballardspahr.com

*Attorneys for Defendant John McRaven*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the above Memorandum of Law contains 1,395 words according to the word count of the word-processing program (Microsoft Word) used to prepare the document, in accordance with Local Rule 7.1(c).

*/s/* Benjamin N. Simler
Benjamin N. Simler