**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Internet Forest Corporation d/b/a New Generation,<br><br>Plaintiff,<br><br>v.<br><br>Keru AI Inc., Vinoo Ganesh, and John McRaven,<br><br>Defendants. | Civil Action No.: 1:2026-cv-05948-JAV |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MCRAVEN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ........ 1

II. FACTUAL BACKGROUND ........ 1

III. STANDARD OF LAW ........ 3

IV. ARGUMENT ........ 4

A. Service On McRaven Was Proper ........ 4

B. The FAC Sufficiently Alleges All Necessary Elements To Satisfy Rule 12(b)(6) ........ 5

V. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Buon v. Spindler*,
65 F.4th 64 (2d Cir. 2023) .......... 3

*Burton v. Wells Fargo Bank, N.A.*,
738 F. Supp. 3d 272 (E.D.N.Y. 2024) .......... 3

*Conley v. Gibson*,
355 U.S. 41 (1957) .......... 3

*Deptula v. Rosen*,
558 F. Supp. 3d 73 (S.D.N.Y. 2021) .......... 3

*Goldman v. Belden*,
754 F.2d 1059 (2d Cir. 1985) .......... 3

*Harris v. City of New York*,
186 F.3d 243 (2d Cir. 1999) .......... 3

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) .......... 3

*Null v. Bank of Am., N.A.*,
734 F. Supp. 3d 269 (S.D.N.Y. 2024) .......... 4

*Scheur v. Rhodes*,
416 U.S. 232 (1974) .......... 3

## I. PRELIMINARY STATEMENT

Plaintiff Internet Forest Corporation d/b/a New Generation ("Plaintiff" or "New Gen") respectfully submits this Memorandum of Law in Opposition to Defendant John McRaven's ("McRaven") Motion to Dismiss [ECF 43] the First Amended Complaint ("FAC") [ECF 26].

On October 30, 2026, McRaven's attorney informed Plaintiff's counsel that he is authorized to accept service of the operative pleading and the papers in this action. ECF 45-2 at 3. Yet now, McRaven argues that service was somehow defective. Memorandum in Support of McRaven's Motion to Dismiss ("Motion" or "Mot.") [ECF 44]. The Court should not entertain McRaven's argument, and the Motion should be denied. McRaven's Motion should also be denied because the First Amended Complaint pleads detailed, specific factual allegations that more than satisfy the plausibility standard required to state a claim for relief. The supposed deficiencies identified by McRaven—like his co-Defendants before him—are each questions of fact which cannot be resolved at this stage. Specifically, whether the KEPLER mark is a surname, whether Plaintiff has established secondary meaning, and whether Plaintiff has established Defendants' bad faith, are sufficiently pled.

## II. FACTUAL BACKGROUND

Plaintiff is in the business of developing AI-powered commerce infrastructure for enterprise customers. FAC ¶ 13. At issue here is Plaintiff's KEPLER platform, an end-to-end AI-powered commerce platform. *Id.* ¶ 19. Plaintiff launched the KEPLER platform on November 13, 2025, and has used the KEPLER mark continuously in commerce since. *Id.* ¶¶ 19-20. Plaintiff promotes the KEPLER platform through its website, press releases, publications, industry events, and enterprise business development efforts. *Id.* ¶ 22. Plaintiff has secured enterprise customers and has established commercial relationships under the KEPLER mark, and is actively engaged in

contract negotiations with financial service companies, banks, and private equity firms, all under the KEPLER mark. *Id.* ¶¶ 23-24. Plaintiff has spent approximately $1 million on branding and marketing the KEPLER mark, and has secured contracts worth approximately $500,000, a partnership worth approximately $2,350,000, and is negotiating contracts worth approximately $3 million. *Id.* ¶¶ 26-27. As a result of Plaintiff's marketing, brand development, and substantial investment in the KEPLER mark, the KEPLER mark and Plaintiff are associated in the marketplace. *Id.* ¶ 29. Plaintiff has filed an application to register the KEPLER Mark with the United States Patent and Trademark Office, Serial No. 99918055, in international class 42. *Id.* ¶ 31.

McRaven is a founder and principal of Defendant Keru AI Inc. ("Keru") who, like Plaintiff, offers an AI platform directed to enterprise and commercial users, including users in the financial services sector. *Id.* ¶¶ 17, 33. Like Plaintiff, Keru's AI platform also involves AI-driven software tools, data analysis, and enterprise decision-making. *Id.* ¶ 34. Plaintiff alleges, upon information and belief, that Defendants began using the KEPLER mark in connection with their services on or about January 30, 2026. *Id.* ¶ 32. Defendants' use of the KEPLER mark is identical to that of Plaintiff's and the parties use the KEPLER mark in overlapping channels of trade. *Id.* ¶¶ 35-36.

Plaintiff alleges that McRaven personally directed, authorized, controlled, and approved Keru's adoption of the KEPLER mark including, specifically, the decisions to acquire the getkepler.ai domain, to brand Defendants' AI platform under the KEPLER mark, and to continue their infringing use of the KEPLER mark after having notice of Plaintiff's rights in the same. *Id.* ¶ 17.

## III. STANDARD OF LAW

"[T]o survive a motion to dismiss based on lack of personal jurisdiction and insufficient service of process, the plaintiff must demonstrate that she adequately served the defendants." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023). Where an attorney is authorized to accept service of process on a defendant's behalf, serving the defendant's attorney is "good service." *See Deptula v. Rosen*, 558 F. Supp. 3d 73, 87 (S.D.N.Y. 2021). "The Court may consider 'matters outside the complaint to determine whether it has jurisdiction.'" *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 286 (E.D.N.Y. 2024) (citation omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the FAC are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Motions under Rule 12(b)(6) must be denied unless the movant can demonstrate that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief.'" *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV. ARGUMENT

McRaven raises two arguments as to why the FAC should be dismissed; first, that service of process on McRaven was insufficient, and second that the FAC fails to state a claim. Each of McRaven's arguments is without merit.

### A. Service On McRaven Was Proper

"[W]e are authorized to accept service for Mr. McRaven of the operative pleading and other papers in this action." ECF 45-2 at 3. These are Mr. Benjamin Simler's—McRaven's attorney's—words to Plaintiff's counsel on October 30, 2026. However, McRaven now tells the Court that service that was "accept[ed]" is now somehow defective. This argument is a waste of both the Court and the parties' time. McRaven's attorney, Mr. Simler, is McRaven's agent who can accept service on his behalf (and McRaven does not argue otherwise). McRaven has full knowledge of this suit and his attorney is authorized to accept service of all "papers in this action," including specifically the operative FAC [ECF 26], which Plaintiff's counsel sent McRaven's attorney.

McRaven argues that service was late as the deadline to serve the original complaint was October 13, 2026, while service was completed on October 22, 2026. Mot. at 2-3. But McRaven wholly ignores that his attorney's statement that he accepts service waived his objection to any alleged untimeliness. Indeed, where a reasonable attorney would understand opposing counsel's statement to constitute waiver of service, service has been waived. *See Null v. Bank of Am., N.A.*, 734 F. Supp. 3d 269, 272 (S.D.N.Y. 2024) ("BANA argues that this statement of willingness to waive service did not constitute an actual waiver of service. The Court disagrees. A reasonable attorney would have understood this statement in counsel's letter to constitute a waiver of service of the FAC. Accordingly, BANA's Rule 12(b)(5) motion is denied."). McRaven cites no authority to support his contention that where a party accepts service, as McRaven did here, that party can

then object based on timeliness of the same. Nor does McRaven explain how his attorney's statement that "we are authorized to accept service for Mr. McRaven of the operative pleading and other papers in this action" was *not* a waiver of service, or how any reasonable attorney would not understand it as such.

McRaven then argues that the operative pleading (the FAC) was never served, despite his attorney's acceptance of service of the same via Mr. Simler's October 30 email. ECF 45-2 at 3. While McRaven cites a handful of cases which held that service of a superseded complaint does not constitute proper service, Mot. at 3, that is not the case here. Here, McRaven's attorney explicitly accepted service of the FAC (the operative complaint). And none of McRaven's cited authority discuss a defendant's attorney *explicitly accepting service of the operative complaint*. The fact remains that McRaven accepted service of the operative complaint in this matter, has full knowledge of the lawsuit and claims against him, and cannot now argue that service was improper.

**B. The FAC Sufficiently Alleges All Necessary Elements To Satisfy Rule 12(b)(6)**

Plaintiff's FAC has sufficiently alleged all necessary facts to satisfy the plausibility standard of each of its claims. McRaven argues that the FAC is deficient for the reasons set forth by his co-defendants in their Motion to Dismiss, ECF 30. *See* Mot. at 1-2. Plaintiff incorporates its counterarguments to the same set forth in its Opposition thereto, ECF 37. In short, Plaintiff has alleged sufficient facts to pass muster at the pleadings stage. Whether the KEPLER mark is a surname, whether Plaintiff has established secondary meaning, and whether Plaintiff has established Defendants' bad faith are each questions of fact which cannot be resolved at the motion to dismiss stage. ECF 37 at 4-9. And, as with Defendant Ganesh, Plaintiff has alleged sufficient facts to establish McRaven's personal liability at the pleading stage as well. *Id.* at 9. Indeed, Plaintiff alleges that McRaven personally directed, authorized, controlled, and approved Keru's adoption of the KEPLER mark including, specifically, the decisions to acquire the getkepler.ai

domain, to brand Defendants' AI platform under the KEPLER mark, and to continue Defendants' infringing use of the KEPLER mark after having notice of Plaintiff's rights in the same. FAC ¶ 17. McRaven (with Defendant Ganesh) is alleged to be the conscious, moving, and active force behind Defendants' infringement of the KEPLER mark. *Id.* ¶ 40. These are not threadbare recitals of the elements of a cause of action, nor are they conclusory statements unsupported by facts as Defendants contend. ECF 30 at 27. These allegations specifically set forth the conduct which constitutes Mr. McRaven's participation in the infringement of Plaintiff's rights.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied in its entirety. Should the Court conclude that any aspect of the First Amended Complaint is insufficiently pleaded, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Dated: November 25, 2026

Respectfully Submitted,

**Bochner PLLC**

By: *<u>/s/ Serge Krimnus</u>*
Serge Krimnus, Esq.
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
(646) 971-0685
serge@bochner.law

*Attorneys for Plaintiff*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant John McRaven’s Motion to Dismiss the First Amended Complaint contains 1,714 words according to the word-count feature of the word-processing system used to prepare this document, in compliance with Local Civil Rule 7.1(c).

Dated: November 25, 2026

*/s/ Serge Krimnus*
Serge Krimnus